JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3514 PA (JEMx) | Date | June 30, 2015 |
|---|---|---|---|
| Title | Darnell Monday, et al. v. Jim McDonnell, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss filed by defendants County of Los Angeles (the "County"), Los Angeles County Sheriff's Department, and Sheriff Jim McDonnell (collectively "County Defendants") (Docket No. 23) and a Motion to Dismiss filed by defendant City of Los Angeles (the "City") (Docket No. 25), in which defendants Charlie Beck, Carlos Bedolla, Jeffrey Wolman, William Chamberlain, Scott Blackman, and Jimmie Fields (collectively "City Defendants") have joined (Docket No. 30). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters are appropriate for decision without oral argument. The hearing calendared for July 6, 2015, is vacated, and the matters taken off calendar.

## I.      Factual and Procedural Background

Plaintiffs Darnell Monday ("Darnell"), LaTanya Monday ("LaTanya"), and Ralph Monday ("Ralph") (collectively "Plaintiffs"), commenced this action on May 11, 2015. According to the Complaint, LaTanya called 911 at approximately 4:30 a.m. on December 25, 2014, to obtain emergency mental health services for her adult son Darnell, who has a history of mental health and psychiatric issues, including a diagnosis of bipolar disorder. Plaintiffs allege that eight squad cars with approximately 12 members of the Los Angeles Police Department ("LAPD") responded to the 911 call. The Complaint alleges that after separating Darnell from his family, and ordering the family back into their home, at least seven officers struck Darnell in the face, arms, and ribs.

Darnell was subsequently arrested for battery on a peace officer in violation of California Penal Code section 243(c)(2) and transported to LAPD's 77th Street Police Station, where he was held for two days. The Complaint alleges that while he was held at the 77th Street Police Station, Darnell was not provided with necessary medical and psychiatric care, and was forced to sleep on the cell floor in the nude. According to the Complaint, on December 27, 2014, Darnell was transferred to the custody of the Los Angeles County Sheriff's Department ("LASD") and Men's Central Jail and perhaps Twin Towers Correctional Facility, where he was forced to sleep on the cell floor in the nude, and not provided with necessary medical and psychiatric care. Darnell was transferred to Olive View Medical Center on

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3514 PA (JEMx) | Date | June 30, 2015 |
|---|---|---|---|
| Title | Darnell Monday, et al. v. Jim McDonnell, et al. | | |

December 30, 2014, and placed on a 72-hour psychiatric hold pursuant to California Welfare and Institutions Code section 5150. Darnell was then transferred to Mission Hospital before being released.

Plaintiffs submitted government tort claims to both the City and County on January 5, 2015. Darnell was subsequently named in a misdemeanor criminal complaint for battery on a peace officer pursuant to California Penal Code sections 242-243(c)(2) and resisting, delaying, or obstructing the discharge of a peace officer's duties pursuant to California Penal Code section 148(a)(1). Those charges remain pending.

The Complaint alleges claims for: (1) unreasonable search and seizure in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983; (2) excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983; (3) denial of medical care in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983; (4) denial of psychiatric care in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983; (5) violation of the Fourteenth Amendment's substantive due process clause pursuant to 42 U.S.C. § 1983; (6) municipal liability pursuant to City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989) and Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); (7) conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985; (8) civil conspiracy to intimidate witnesses pursuant to 42 U.S.C. § 1985; (9) false arrest; (10) battery; (11) negligence; and (12) violation of California civil rights pursuant to California Civil Code section 52.1. It is not entirely clear which claims are being pursued only by Darnell, and which are also being pursued by LaTanya[1/] and Darnell's father Ralph.

**II.    Legal Standard**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a

---

[1/]    Because LaTanya is pursuing her own claims, she may have a conflict of interest in also serving as Darnell's guardian ad litem. If this case is to continue, with LaTanya pursuing her own claims, the Court will require the appointment of a neutral guardian ad litem on behalf of Darnell who has no independent interest in the outcome of the litigation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3514 PA (JEMx) | Date | June 30, 2015 |
|---|---|---|---|
| Title | Darnell Monday, et al. v. Jim McDonnell, et al. | | |

powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

**III.     Analysis**

In their Motions to Dismiss, the City and County Defendants make numerous arguments concerning the Complaint's pleading deficiencies. First, the City and County Defendants assert that Darnell's claims are premature and should be stayed or that the Court should abstain from considering them until after the pending criminal charges are resolved. Defendants additionally contend that LaTanya and Ralph lack standing and otherwise fail to state viable claims for the civil rights violations allegedly suffered by Darnell, that the Complaint impermissibly groups defendants together without providing adequate notice of which defendants are alleged to have done what, that several of the claims are either duplicative or rely on an inapplicable constitutional provision, that the claims against Sheriff McDonnell, Chief Beck, LASD, and LAPD are duplicative of the claims against the City and County, that the municipal liability and conspiracy claims are not well-pleaded, that at least some of the state law claims are subject to immunity defenses, and that the claims otherwise fail to allege sufficient facts or assert cognizable claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3514 PA (JEMx) | Date | June 30, 2015 |
|---|---|---|---|
| Title | Darnell Monday, et al. v. Jim McDonnell, et al. | | |

    Before addressing the merits of each of the arguments asserted by the defendants, the Court concludes that this action should be stayed pending the resolution of the criminal charges against Darnell.  See Wallace v. Kato, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 1098, 166 L. Ed. 2d 973 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.  If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn the conviction, Heck [v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."); see also Cal. Gov't Code § 945.3 ("No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.").

    At a minimum, the criminal charges against Darnell implicate the unreasonable seizure and false arrest claims asserted in this action.  The criminal charges may also be relevant to the resolution of the Complaint's excessive force claim.[2]  The fact that Plaintiffs filed their government tort claims just days after Darnell was released, and prior to the filing of the criminal charges against him, does not change this result.  Wallace specifically applies even when criminal charges are "anticipated."  Wallace, 549 U.S. at 393, 127 S. Ct. at 1098.  Similarly, California Government Code section 945.3 does not extend the time within which a government tort claim must be presented, but does toll the statute of limitations "during the period that the charges are pending before a superior court."  Cal. Gov't Code § 945.3. Under these circumstances, and "in accord with common practice," the Court therefore stays this action pending resolution of the criminal charges currently pending against Darnell.  Wallace, 549 U.S. at 393-94, 127 S. Ct. at 1098.

    Only after the criminal charges are resolved will the Court address the remaining arguments contained in the Motions to Dismiss.  However, the Court notes that many of those arguments are well-taken and that Plaintiffs will have to substantially amend their Complaint if they elect to pursue their claims in this Court.  The Court additionally notes that its common practice, one that, based on the allegations contained in the Complaint, it sees no reason to deviate from in this instance, is to bifurcate

---

[2]    In their Motions to Dismiss, defendants have potentially overstated the degree to which a conviction on the criminal charges pending against Darnell might bar an excessive force claim.  See Hooper v. County of San Diego, 629 F.3d 1127, 1134 (9th Cir. 2011) ("[W]e conclude that a conviction under California Penal Code § 148(a)(1) does not bar a § 1983 claim for excessive force under Heck when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction.'").

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3514 PA (JEMx) | Date | June 30, 2015 |
|---|---|---|---|
| Title | Darnell Monday, et al. v. Jim McDonnell, et al. | | |

the Monell, Canton, and supervisorial liability claims, and to stay discovery on those claims, until after resolution of the claims asserted against the individual officers and deputies.  Additionally, the Court generally will try only the federal claims in such cases, and once those claims are resolved, decline to exercise supplemental jurisdiction over the state law claims.  Therefore, if Plaintiffs want to try their state law claims without the risk of whatever preclusive effect an adverse judgment on the federal claims might create, Plaintiffs may want to consider dismissing their federal claims in favor of pursuing their state law claims in Superior Court.  See 28 U.S.C. § 1367(c).

**Conclusion**

      For all of the foregoing reasons, the Court grants the Motions to Dismiss in part and stays this action pending resolution of Darnell's criminal charges.  The parties shall file with the Court a Status Report no later than 14 days after the criminal charges are resolved in the Superior Court.  Once the Court receives the Status Report, the Court will either proceed to rule on the remaining arguments contained in the Motions to Dismiss, set a status conference, or make further orders as appropriate based on the contents of the Status Report.  The Court orders this action administratively closed and removed from the Court's active caseload until further application by the parties or order of this Court.

      IT IS SO ORDERED.