**JS-5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3514 PA (JEMx) | Date | December 18, 2015 |
|---|---|---|---|
| Title | Darnell Monday, et al. v. Jim McDonnell, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss filed by defendants County of Los Angeles (the "County"), Los Angeles County Sheriff's Department, and Sheriff Jim McDonnell (collectively "County Defendants") (Docket No. 23) and a Motion to Dismiss filed by defendant City of Los Angeles (the "City") (Docket No. 25), in which defendants Charlie Beck, Carlos Bedolla, Jeffrey Wolman, William Chamberlain, Scott Blackman, and Jimmie Fields (collectively "City Defendants") have joined (Docket No. 30).

**I.        Factual and Procedural Background**

Plaintiffs Darnell Monday ("Darnell"), LaTanya Monday ("LaTanya"), and Ralph Monday ("Ralph") (collectively "Plaintiffs"), commenced this action on May 11, 2015. According to the Complaint, LaTanya called 911 at approximately 4:30 a.m. on December 25, 2014, to obtain emergency mental health services for her adult son Darnell, who has a history of mental health and psychiatric issues, including a diagnosis of bipolar disorder. Plaintiffs allege that eight squad cars with approximately 12 members of the Los Angeles Police Department ("LAPD") responded to the 911 call. The Complaint alleges that after separating Darnell from his family, and ordering the family back into their home, at least seven officers struck Darnell in the face, arms, and ribs.

Darnell was subsequently arrested for battery on a peace officer in violation of California Penal Code section 243(c)(2) and transported to LAPD's 77th Street Police Station, where he was held for two days. The Complaint alleges that while he was held at the 77th Street Police Station, Darnell was not provided with necessary medical and psychiatric care, and was forced to sleep on the cell floor in the nude. According to the Complaint, on December 27, 2014, Darnell was transferred to the custody of the Los Angeles County Sheriff's Department ("LASD") and Men's Central Jail and perhaps Twin Towers Correctional Facility, where he was forced to sleep on the cell floor in the nude, and not provided with necessary medical and psychiatric care. Darnell was transferred to Olive View Medical Center on December 30, 2014, and placed on a 72-hour psychiatric hold pursuant to California Welfare and Institutions Code section 5150. Darnell was then transferred to Mission Hospital before being released.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3514 PA (JEMx) | Date | December 18, 2015 |
|---|---|---|---|
| Title | Darnell Monday, et al. v. Jim McDonnell, et al. | | |

Plaintiffs submitted government tort claims to both the City and County on January 5, 2015. Darnell was subsequently named in a misdemeanor criminal complaint for battery on a peace officer pursuant to California Penal Code sections 242-243(c)(2) and resisting, delaying, or obstructing the discharge of a peace officer's duties pursuant to California Penal Code section 148(a)(1).

The Complaint alleges claims for: (1) unreasonable search and seizure in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983; (2) excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983; (3) denial of medical care in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983; (4) denial of psychiatric care in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983; (5) violation of the Fourteenth Amendment's substantive due process clause pursuant to 42 U.S.C. § 1983; (6) municipal liability pursuant to City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989) and Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); (7) conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985; (8) civil conspiracy to intimidate witnesses pursuant to 42 U.S.C. § 1985; (9) false arrest; (10) battery; (11) negligence; and (12) violation of California civil rights pursuant to California Civil Code section 52.1. It is not entirely clear which claims are being pursued only by Darnell, and which are also being pursued by LaTanya[1/] and Darnell's father Ralph.

In their Motions to Dismiss, which were originally set for a hearing on July 6, 2015, the City and County Defendants made numerous arguments concerning the Complaint's pleading deficiencies. The City and County Defendants also asserted that Darnell's claims were premature and should be stayed or that the Court should abstain from considering them until after the pending criminal charges were resolved. In its June 30, 2015 minute order, the Court concluded that the action should be stayed pending the resolution of the criminal charges against Darnell. See Wallace v. Kato, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 1098, 166 L. Ed. 2d 973 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn the conviction, Heck [v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."); see also Cal. Gov't Code § 945.3 ("No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the

---

[1/]    Because LaTanya is pursuing her own claims, she may have a conflict of interest in also serving as Darnell's guardian ad litem. If this case is to continue, with LaTanya pursuing her own claims, the Court will require the appointment of a neutral guardian ad litem on behalf of Darnell who has no independent interest in the outcome of the litigation.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-3514 PA (JEMx) | Date | December 18, 2015 |
|---|---|---|---|
| Title | Darnell Monday, et al. v. Jim McDonnell, et al. | | |

accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.").

The Court ordered the parties to file with the Court a Status Report no later than 14 days after the criminal charges were resolved in the Superior Court. The Court ordered the action administratively closed and further stated that once it received the Status Report, the Court would either proceed to rule on the remaining arguments contained in the Motions to Dismiss, set a status conference, or make further orders as appropriate based on the contents of the Status Report. Plaintiffs' counsel has now filed the Status Report indicating that the criminal charges against Darnell were dismissed on December 3, 2015.

The Court orders this matter re-opened and placed back onto the Court's active caseload. The Court will now address the sufficiency of the Complaint's allegations.

## II.    Legal Standard

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to

JS-5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3514 PA (JEMx) | Date | December 18, 2015 |
|---|---|---|---|
| Title | Darnell Monday, et al. v. Jim McDonnell, et al. | | |

provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted).  In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

**III.     Analysis**

        Among the arguments raised by the City and County Defendants are that LaTanya and Ralph lack standing and otherwise fail to state viable claims for the civil rights violations allegedly suffered by Darnell, that the Complaint impermissibly groups defendants together without providing adequate notice of which defendants are alleged to have done what, that several of the claims are either duplicative or rely on an inapplicable constitutional provision, that the claims against Sheriff McDonnell, Chief Beck, LASD, and LAPD are duplicative of the claims against the City and County, that the municipal liability and conspiracy claims are not well-pleaded, that at least some of the state law claims are subject to immunity defenses, and that the claims otherwise fail to allege sufficient facts or assert cognizable claims.

        **A.     First through Fifth Claims**

        Having reviewed the Complaint, the Court concludes that it suffers from numerous significant flaws.  For instance, it is not clear if the first through sixth claims, brought pursuant to § 1983, and alleging claims for false arrest, excessive force, denial of medical care, denial of psychiatric care, denial of substantive due process, and municipal liability pursuant to City of Canton, for failure to implement adequate policies, standards, and training to assure that the City and County's law enforcement officials do not engage in misconduct, and Monell, for having unconstitutional policies, customs, or practices, are brought just by Darnell, or are also brought on behalf of LaTanya and Ralph.  To the extent that those claims are brought on behalf of LaTanya and Ralph, the Court concludes that they fail to state a claim, because the Complaint does not allege any facts suggesting that any defendant violated the constitutional rights of LaTanya or Ralph.[2/]  Nor has the Complaint otherwise alleged a viable § 1983 theory of liability on behalf of LaTanya or Ralph.

        The Complaint also confusingly groups together all of the LAPD officers and LASD deputies as the "Officer Defendants" and alleges each of the first through fifth claims against all of the Officer

_____

[2/]        The Complaint does not even allege that Ralph was present during the incident.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3514 PA (JEMx) | Date | December 18, 2015 |
|---|---|---|---|
| Title | Darnell Monday, et al. v. Jim McDonnell, et al. | | |

Defendants, including Chief Beck and Sheriff McDonnell, without any specific facts against the individual officers, any indication about which agency responded to LaTanya's 911 call, and no evidence that either Chief Beck or Sheriff McDonnell were present at the incident.[3/]  Additionally, as an example, the excessive force and wrongful detention claims are alleged against all Defendants, but there are no properly alleged factual allegations that both law enforcement agencies were present during the incident and that all Defendants participated in the alleged excessive force or the decision to detain Darnell.  The Court therefore concludes that all of the federal claims are impermissibly vague and violate Federal Rule of Civil Procedure 8(a)(2)'s requirement that Plaintiffs provide a "short and plain statement of the claim showing that the pleader is entitled to relief."

　　　　Plaintiffs have also unnecessarily complicated matters by separating the third and fourth claims for denial of medical and psychiatric care into separate claims.  Despite Plaintiffs' references in their Oppositions to the Eighth Amendment, these claims arise out of the Fourteenth Amendment's Due Process Clause.  See Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because Gibson had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment.").  "With regard to medical needs, the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes: 'persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs.'  This duty to provide medical care encompasses detainees' psychiatric needs."  Id. (quoting Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996)).  Because the alleged failures to provide both medical and psychiatric care violate the same constitutional right, they should be alleged in the same claim.  Plaintiffs' Oppositions attempt to distinguish Gibson on the grounds that "Darnell . . . was not a detainee when he originally needed psychiatric services, and [Gibson] does not apply."  (Docket No. 28, Pls.' Opp'n 15:20-22.)  The Court disagrees.  At least according to the facts alleged in the Complaint, Darnell was detained almost as soon as the officers arrived at the scene.  Moreover, according to the Oppositions, but not alleged in the Complaint, paramedics arrived at the scene.  (Id. at 19:10-11 ("Witnesses stated they saw seven to eight vehicles of

---

[3/]　　　　In their Oppositions to Defendants' Motions to Dismiss, Plaintiffs' counsel states that "Plaintiffs do not know if Beck was at the beating, attempted smothering of Plaintiff, and the threats against Plaintiffs."  (Docket No. 28, Pls.' Opp'n 13:5-7.)  See also Docket No. 29, Pls.' Opp'n 13:10-13 ("Plaintiffs do not know who was at the scene.  This Defendant [McDonnell] could have been in one of those 8 vehicles, or directed LASD employees to leave Plaintiff on the floor for days without medical or psychiatric care, in jail to hide the condition of Darnell.").  Unsubstantiated allegations such as these, with no evidentiary support, and no adequate investigation, create potential liability for sanctions pursuant to Federal Rule of Civil Procedure 11.  The Court reminds Plaintiffs' counsel that she originally filed this action in this Court, and therefore made herself subject to Rule 11.  Absent the type of investigation and good faith required by Rule 11, this Court will not tolerate wildly implausible speculation that Chief Beck, Sheriff McDonnell, or any of the other individual defendants personally participated in the events at 4:30 a.m. on December 25, 2014.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3514 PA (JEMx) | Date | December 18, 2015 |
|---|---|---|---|
| Title | Darnell Monday, et al. v. Jim McDonnell, et al. | | |

different sizes, shapes and colors including paramedic vehicles . . . .").)  At least for purposes of a claim for a violation of Darnell's constitutional rights is concerned, at that stage, the officers had, at most, a duty to summon medical assistance.  See Tatum v. City & County of San Francisco, 441 F.3d 1090, 1099 (9th Cir. 2006) ("[W]e hold that a police officer who promptly summons the necessary medical assistance has acted reasonably for purposes of the Fourth Amendment, even if the officer did not administer CPR.").[4/]

The Complaint's separate claim for violations of substantive due process rights is also unnecessarily duplicative of Darnell's other claims for excessive force, false arrest, and denial of medical and psychiatric care.  Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, rather than the more generalized notion of "substantive due process," must be the guide for analyzing those claims. Albright v. Oliver, 510 U.S. 266, 273, 114 S. Ct. 807, 813, 127 L. Ed. 2d 114 (1994).  "As a general matter, the Supreme Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended."  Id.  at 271-72, 114 S. Ct. at 812.

With regard to claims of unlawful detention, the Supreme Court has held that all seizures or arrests of a person where "a police officer accosts an individual and restrain[s] his freedom to walk away," even if such seizures do not result in prosecution for crime, are governed by the Fourth Amendment.  Terry v. Ohio, 392 U.S. 1, 16, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).  "[T]he Fourth Amendment  was tailored explicitly for the criminal justice system, and its balance between individual and public interests always has been thought to define the 'process that is due' for seizures of persons or property in criminal cases."  Gerstein v. Pugh, 420 U.S. 103, 125 n.27, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975).  Accordingly, the Fourteenth Amendment is not an appropriate vehicle under which plaintiffs may bring claims under section 1983 for unlawful detention.  Albright, 510 U.S. at 274-75; Awabdy v. City of Adelanto, 368 F.3d 1062, 1069 (9th Cir. 2004) ("The principle that Albright establishes is that no

---

[4/]      Other than because the plaintiff alleged it as a Fourth Amendment excessive force claim rather than a Due Process denial of medical care claim, it is not clear why the Ninth Circuit analyzed the failure to provide medical care claim in Tatum as an excessive force claim.  This Court concludes that because paramedics were summoned, and Darnell was detained, the medical and psychiatric claims should be analyzed under the Due Process Clause.  Indeed, prior to his being detained, Defendants had no constitutional duty to provide medical or psychiatric care to Darnell.  See Patel v. Kent Sch. Dist., 648 F.3d 965, 971-72 (9th Cir. 2011) ("[T]he Fourteenth Amendment's Due Process Clause generally does not confer any affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests. . . .  There are two exceptions to this rule:  (1) when a 'special relationship' exists between the plaintiff and the state . . . and (2) when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger.'" (citations omitted)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 15-3514 PA (JEMx) | Date | December 18, 2015 |
| Title | Darnell Monday, et al. v. Jim McDonnell, et al. | | |

substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause.")  Similarly, the Supreme Court has explicitly held that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443 (1989).

### B.      Municipal Liability Claims

The Court further concludes that the Complaint's conclusory and boilerplate allegations about unconstitutional policies and procedures and failures to train and supervise do not satisfy the Twombly standard.  The Complaint's fifth claim for municipal liability therefore fails to state a viable claim.  That claim suffers from additional deficiencies.  Specifically, it is alleged redundantly against the City, the LAPD, and Chief Beck in his official capacity, and against the County, the LASD, and Sheriff McDonnell in his official capacity.  Although Plaintiff cannot obtain a double recovery by suing both the municipality and its law enforcement agency for the same harm, the Ninth Circuit has concluded that under California law as applied to § 1983 claims, police and sheriffs departments are separately suable entities.  See Streit v. County of Los Angeles, 236 F.3d 552, 565-66 (9th Cir. 2001); see also Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 n.2 (9th Cir. 1988) ("Municipal police departments are "public entities" under California law and, hence, can be sued in federal court for alleged civil rights violations.").  Although it is not necessary that Plaintiff sue both the municipality and its law enforcement agency, the Court will not dismiss the claims alleged against the LAPD and LASD on this basis.  The claims alleged against Chief Beck and Sheriff McDonnell in their official capacities, however, are subject to dismissal.  See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles County, 533 F.3d 780, 799 (9th Cir. 2008) ("An official capacity suit against a municipal officer is equivalent to a suit against the entity.  When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant.").

As it did in its June 30, 2015 minute order, the Court again notifies the parties that its common practice, one that, based on the allegations contained in the Complaint, it sees no reason to deviate from in this instance, is to bifurcate the Monell, Canton, and supervisorial liability claims, and to stay discovery on those claims, until after resolution of the claims asserted against the individual officers and deputies.

### C.      Civil Conspiracy Claims

The seventh and eighth claims allege, pursuant to 42 U.S.C. § 1985, that Defendants participated in conspiracies to violate Plaintiffs' civil rights and to intimidate witnesses.  As with the first through sixth claims, Plaintiffs' civil conspiracy claims do not allege sufficient facts to state a claim on behalf of

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3514 PA (JEMx) | | Date | December 18, 2015 |
|---|---|---|---|---|
| Title | Darnell Monday, et al. v. Jim McDonnell, et al. | | | |

LaTanya and Ralph.  Ralph was not even present during the incident, and LaTanya has not alleged a viable claim that her constitutional rights were violated.  See Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 930 (9th Cir. 2004) ("[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983.").

Darnell's seventh claim appears to assert a claim under 42 U.S.C. § 1985(3).  To state a claim for a conspiracy to deprive a person of rights or privileges, a plaintiff must show:  "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'"  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citing United Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 828–29, 103 S. Ct. 3352, 3356–57, 77 L. Ed. 2d 1049 (1983)).  The second of these four elements requires a showing that the depravation of rights was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  Id. (quoting Griffith v. Breckenridge, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798, 29 L. Ed. 2d 338 (1971).)  Here, other than alleging Darnell's race, the Complaint contains no specific facts to support the existence of a conspiracy, any act in furtherance of any such conspiracy, or that Defendants conspired to deprive Darnell of his rights because of his membership in a protected class.  Plaintiffs' conclusory allegations do not satisfy the Twombly standard.[5/]

The Complaint's eighth claim for witness intimidation is brought pursuant to § 1985(2).  Section 1985(2) contains two causes of action.  "The first clause of section 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith."  Bretz v. Kelman, 773 F.2d 1026, 1027 n. 3 (9th Cir. 1985).  The second clause of § 1985(2) provides a cause of action:

> if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2). To state a claim under § 1985(2)'s second clause, a plaintiff must allege he is a member of a class which suffers from invidious discrimination and the defendant's acts were motivated

---

[5/]    As with the unsupported allegations of the personal involvement by Chief Beck and Sheriff McDonnell, Plaintiffs' assertions concerning the existence of a conspiracy implicate the provisions of Rule 11.

JS-5

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-3514 PA (JEMx) | Date | December 18, 2015 |
|---|---|---|---|
| Title | Darnell Monday, et al. v. Jim McDonnell, et al. | | |

by animus towards that class.  Bretz, 773 F.2d at 1028.  "Allegations of witness intimidation under § 1985(2) will not suffice for a cause of action unless it can be shown the litigant was hampered in being able to present an effective case.  Since [the witness] has not shown she was a party to the action in which she was intimidated, she can show no injury under § 1985(2)."  David v. United States, 820 F.2d 1038, 1040 (9th Cir. 1987).

Here, even if Darnell had alleged sufficient facts concerning racial animus to state a viable claim for conspiracy under § 1985(2), something he has failed to do, he still would not have alleged a viable claim because the criminal charges against Darnell have been dropped.  As a result, Darnell has suffered no injury as a result of the alleged witness intimidation.  Id.  Moreover, because LaTanya and Ralph were not litigants in that, or any other action at the time of the incident, they have no viable § 1985(2) claim.  Finally, like so much else about Plaintiffs' Complaint, the conspiracy claims unnecessarily complicate matters.  Because Darnell does appear to have viable claims pursuant to § 1983 for excessive force, unlawful detention, and denial of medical care, there does not appear to be a reason to further complicate this litigation by adding conspiracy claims of questionable validity when those claims, even if successful, will not result in any greater recovery for Darnell.  However, this last concern is not a ground for dismissal.  Plaintiffs and their counsel are the masters of their Complaint, and have freedom to assert multiple claims, no matter how unwise that decision may be.

### D.    State Law Claims

The Court generally will try only the federal claims in cases alleging both federal civil rights claims and state law claims.  Once the federal claims are resolved, the Court will decline to exercise supplemental jurisdiction over the state law claims and dismiss them without prejudice so that they may be litigated in state court.  See 28 U.S.C. § 1367(c).  The Court therefore finds it unnecessary, at this stage, to determine the viability of the state law claims.  The Motion to Dismiss those claims is denied without prejudice.  To the extent necessary, the Court will stay proceedings related to the state law claims during the pendency of this action.

### Conclusion

For all of the foregoing reasons, the Court grants the Motions to Dismiss.  The Court dismisses with leave to amend Darnell's first through third claims for wrongful detention, excessive force, and denial of medical care brought pursuant to § 1983.  The Court dismisses the fourth claim for denial of psychiatric care without prejudice to its being consolidated with the third claim for denial of medical care.  Darnell's fifth claim for denial of substantive due process rights is dismissed without leave to amend because each of the claims is more properly alleged under a specific constitutional provision.  Darnell's sixth claim for municipal liability is dismissed with leave to amend, but his claims against Chief Beck and Sheriff McDonnell in their official capacities are dismissed without leave to amend.  Darnell's seventh and eighth claims for civil conspiracy pursuant to §§ 1985(2) and (3) are dismissed

JS-5

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-3514 PA (JEMx) | Date | December 18, 2015 |
|---|---|---|---|
| Title | Darnell Monday, et al. v. Jim McDonnell, et al. | | |

with leave to amend.  Should Darnell file an Amended Complaint, he must differentiate between the individual defendants to the extent possible and in accordance with the requirements of Rules 8 and 11. To the extent the Complaint asserted claims on behalf of LaTanya and Ralph in the Complaint's first eight claims, their claims are dismissed without leave to amend.  The Court declines to address the sufficiency of the state law claims.  The Motion to Dismiss the ninth through fourteenth claims is therefore denied without prejudice.  The Amended Complaint, if any, shall be filed no later than January 11, 2016.  If no Amended Complaint is filed by that date, the Court will enter a Judgment of Dismissal as to the federal claims, decline to exercise supplemental jurisdiction over the state law claims, and dismiss the state law claims without prejudice to those claims being re-filed in state court.

IT IS SO ORDERED.