Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Farid A. Sharaby, State Bar No. 278259
E-Mail: fsharaby@hurrellcantrall.com
HURRELL CANTRALL LLP
700 South Flower Street, Suite 900
Los Angeles, California 90017-4121
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and JIM McDONNELL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DARNELL MONDAY, by and through his Guardian Ad Litem, LATANYA MONDAY, individually, RALPH MONDAY, individually, and LATANYA MONDAY, individually, <br><br>Plaintiffs, <br><br>v. <br><br>JIM MCDONNELL, Sheriff, individually, jointly, severally, and in his official capacity as Los Angeles County Sheriff; COUNTY OF LOS ANGELES, a public entity; COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, a public entity; CHARLIE BECK, Chief of Police, individually, jointly, severally, and in his official capacity as Chief of Police; CITY OF LOS ANGELES, a public entity; CITY OF LOS ANGELES POLICE DEPARTMENT, a public entity; SGT. BEDOLLA, 32341, individually, jointly, severally, and in his official capacity as a City of Los Angeles Police Officer; OFFICER WOLMAN, 36966, individually, jointly, severally, and in his official capacity as Peace Officer; CHAMBERLAIN, 39801, individually, jointly, severally, and in his official capacity as a Peace Officer; SGT. BLACKMAN, 32923, individually, | CASE NO. CV15-3514 PA (JEMx) <br><br>[Assigned to Judge Percy Anderson Courtroom "15"] <br><br>[**PROPOSED**] STIPULATED PROTECTIVE ORDER <br><br>Trial Date: None set |

jointly, severally, and in his official capacity as a Peace Officer; FIELDS, V8353, individually, jointly, severally, and in his official capacity as a Peace Officer; and DOES 1-10, inclusive,

Defendants.

After full consideration of the Stipulation by the parties for a Protective Order, and for GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1. Defendants COUNTY OF LOS ANGELES ("County"), LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and JIM McDONNELL (collectively "County defendants") and Defendants CITY OF LOS ANGELES ("City"), CHARLIE BECK, CARLOS BEDOLLA, JEFFREY WOLMAN, WILLIAM CHAMBERLAIN, SCOTT BLACKMAN, JIMMIE FIELDS, STEVEN ZABY, STEPHANIE CORRERA, DIANA URRUTIA, and KYLE ARATANI (collectively "City defendants") (County defendants and City defendants collectively referred to as "defendants") intend to disclose certain documentation to Plaintiffs DARNELL MONDAY, by and through his Guardian Ad Litem, RALPH MONDAY, and LATANYA MONDAY (collectively "plaintiffs") pursuant to Rule 26 of the *Federal Rules of Civil Procedure*. In addition, plaintiffs have requested that defendants produce certain documents and information, which defendants contend to involve privileged and confidential information. As well, through the course of discovery, plaintiffs may produce privileged and confidential medical and mental health records to defendants.

2. Defendants agree to voluntarily disclose pertinent documentation as well as produce documents and information responsive to plaintiffs' discovery requests, but only under the strict circumstances and limitations of this Stipulated Protective Order (hereinafter "Protective Order") where said documents and information are kept confidential and private and with assurances that said documents and information shall not be produced, copied, or disseminated to any

person or entity unless authorized by this Protective Order.

3. Defendants' pertinent documents—including (1) any and all documents which reference the addresses and telephone numbers of County or City employees; (2) any and all documents which reference the identity of individuals who are not parties to this action; (3) any and all documents which depict the inside of any County or City correctional facility; (4) County's and City's respective pertinent policies and training materials produced to plaintiffs by defendants during the course of discovery in this litigation and any subsequent reproduction thereof; (5) employee and personnel records, internal affairs and administrative investigation reports and materials, and homicide investigation documentation, which defendants believe in good faith constitute or embody confidential information; and (6) other materials that are entitled to privileges and/or protections against discovery or disclosure by the United States Constitution, First Amendment; the California Constitution, Article I, Section 1; California *Penal Code* §§ 832.5, 832.7, and 832.8; California *Evidence Code* §§ 1040 and 1043 *et seq.*; the official information privilege; the right to privacy; and decisional law relating to such provisions, which matter is not generally known and which defendants would not voluntarily reveal to third parties and therefore is entitled to heightened protection from disclosure—are to be designated as "confidential material."

4. Confidential material shall be used solely in connection with the preparation and trial of the case, Case No. CV15-3514 PA (JEMx), or any related appellate proceeding and not for any other purpose, including any other litigation.

5. Material designated as "confidential" under this Protective Order, as well as the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "confidential material" or "confidential information") shall be used solely for the purpose of litigating this action, and for no other action or purpose.

/ / /

-3-

6. Confidential material may not be disclosed except as provided in paragraph 7.

7. Confidential material may be disclosed only to the following persons:

(a) Counsel for any party, and any party to this litigation;

(b) Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in (a);

(c) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

(d) Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and

(e) Any "in-house" expert designated by either party to testify at trial in this matter.

Nothing in paragraph 7 is intended to prevent officials or employees of County or City or other authorized government officials from having access to the documents if they would have had access in their normal course of their job duties.

8. Each person to whom disclosure is made, with the exception of those identified in paragraph 7 who are presumed to know the contents of the Protective Order, shall, prior to the time of disclosure, be provided a copy of this Order by the person furnishing him/her such material, and shall agree on the record or in writing, that he/she has read the Protective Order, and that he/she understands the provisions of the Protective Order. Such person must also agree in writing to be subject to the jurisdiction of the United States District Court, Central District of California, with respect to any proceedings relating to enforcement of this Order, including without limitation, any proceedings for contempt. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation. (See Appendix "A"). The executed agreement must be provided to all other counsel within five (5) court days of counsel's receipt of the agreement, except when the

-4-

person to whom disclosure is made is an expert witness. In that case, the executed agreement must be provided to all other counsel at the time of expert disclosures.

9. Designation in conformity with this Protective Order requires: For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), defendants and plaintiffs shall affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material. For information contained on a CD, DVD, or other similar storage device, defendants and plaintiffs shall affix the legend "CONFIDENTIAL" on the label.

10. Confidential material must be stored and maintained by counsel for plaintiffs at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. Confidential material shall be clearly marked by counsel for plaintiffs and maintained by counsel for plaintiffs with the following or similar legend recorded upon it in a way that brings its attention to a reasonable examiner:

**CONFIDENTIAL: THESE DOCUMENTS ARE SUBJECT TO THE TERMS AND CONDITIONS OF A PROTECTIVE ORDER, CASE NUMBER CV15-3514 PA (JEMx)**

11. Each person to whom disclosure is made shall not duplicate any confidential information except for working copies and for filing with the Court.

12. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

13. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal in compliance with Central District Local Rule 79-5.1 *et seq.*

14. In the event that any confidential material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take all reasonable steps to maintain its confidentiality during such use.

15. At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this Order from County defendants shall be destroyed or, if appropriate, returned to County defendants, with written confirmation of such actions provided to County defendants.

16. At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this Order from City defendants shall be destroyed or, if appropriate, returned to City defendants, with written confirmation of such actions provided to City defendants.

17. If plaintiffs are served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "confidential," plaintiffs must so notify defendants in writing (by fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

18. If plaintiffs learn that, by inadvertence or otherwise, they have disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, plaintiffs must immediately (a) notify in writing defendants of the unauthorized disclosures, (b) use their best efforts to retrieve all copies of the confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the Confidentiality Agreement ("Appendix "A").

19. Nothing in this Protective Order shall be construed in any way to control the use, dissemination, publication or disposition by defendants of the

confidential information, other than plaintiffs' medical and mental health records. Nothing in this Protective Order shall be construed as a waiver of any privilege (including work product) that may be applicable to any document or information. Further, by stipulating to the entry of this Protective Order, defendants do not waive any right they otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, defendants do not waive any right to object on any ground for use as evidence of any of the material covered by this Protective Order.

20. Further, this Protective Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Protective Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the absence thereof.

21. The Court shall have jurisdiction over the parties, their counsel and all persons to whom confidential information has been disclosed for the purpose of enforcing terms of this Protective Order, redressing any violation thereof, and amending or modifying the terms as the Court may deem appropriate.

22. The foregoing is without prejudice to the right of any party:

(a) To apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation;

(b) To apply to the Court for an order removing the confidential material designation from any documents; and

(c) To apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of confidential material beyond the terms of this Order.

23. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

24. This Protective Order may be executed in counterparts.

**IT IS SO ORDERED.**

DATED: March 10, 2016

_____
HONORABLE JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

# APPENDIX "A"

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I have read and understand the Stipulation for Protective Order and Protective Order of the United States District Court, Central District of California, Western Division, entered on the _____ day of _____, 2016, in the case of Darnell Monday, et al. v. Jim McDonnell, et al., Case No. CV15-3514 PA (JEMx). A copy of the Stipulation for Protective Order and Protective Order has been delivered to me with my copy of this Acknowledgement and Agreement to Be Bound (hereinafter "Confidentiality Agreement"). I agree to be bound by all the terms of this Confidentiality Agreement.

I further agree to be bound by all the terms of the Stipulation for Protective Order and Protective Order and hereby agree not to use or disclose the confidential information or material (as defined by that Order) disclosed to me, except for purposes of this litigation as required by the Stipulation for Protective Order and Protective Order. I further agree and attest to my understanding that a breach of this Confidentiality Agreement may be directly actionable, at law and equity, and may constitute a violation of the Stipulation for Protective Order and Protective Order, and I further agree that in the event I fail to abide by the terms of the Stipulation for Protective Order and Protective Order, or if I disclose or make use of any confidential information acquired during this litigation, I may be subject to civil sanctions, including sanctions by way of contempt of court, imposed by the Court

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

for such failure. I further agree to submit to the jurisdiction of the United States District Court, Central District of California, Western Division for the purpose of enforcing the terms of this Confidentiality Agreement and Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated:

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City               State               Zip

_____
Occupation or Business

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000